UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                               CASE NO. 8:20-cr-39-T-35CPT

RODOLFO RICARDO CASTILLO RODRIGUEZ

## **UNITED STATES' SENTENCING MEMORANDUM**

The United States, by and through the undersigned counsel, submits this memorandum in opposition to defendant Castillo Rodriguez's objection to the U.S. Sentencing Guidelines calculation in his Presentence Investigation Report ("PSR"), contending that he merits a "minor role" reduction under U.S.S.G. § 3B1.2.[1]

## **FACTUAL & PROCEDURAL BACKGROUND**

The defendant was charged in a two-count indictment with possession, and conspiracy to possess, with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70501, *et seq.* This indictment arose out of an interdiction by the

---

[1] The undersigned mistakenly believed that this memorandum had already been filed in advance of the original sentencing date of Mr. Castillo Rodriguez, and apologizes for its filing fewer than ten business days before the current sentencing date.

United States Coast Guard of a stateless go-fast vessel in international waters of the Pacific Ocean. The defendant and his co-defendants were interdicted while operating this vessel and attempting to smuggle well over 450 kilograms of cocaine from South America to Central America for eventual importation into the United States. The case involved two go-fast vessels, one from South America (crewed by the defendant and his Ecuadorian co-defendant) and one from Mexico (crewed by the Mexican co-defendants). Prior to the Coast Guard interdiction, the two smuggling vessels rendezvoused, hundreds of miles off the coast of Mexico, and the defendants transferred the cocaine bales from one boat to the other, sank the South American vessel, and all three Ecuadorian defendants boarded the Mexican vessel which was later interdicted by the Coast Guard. The defendant pleaded guilty to Count One of the indictment pursuant to a plea agreement.

## **OBJECTIONS TO PRE-SENTENCING REPORT**

In the PSR, the United States Probation Office ("USPO") determined that the defendant's applicable guideline range is 135 to 168 months imprisonment, accounting for a three-level downward adjustment for acceptance of responsibility and a two-level downward adjustment for the "safety valve" provision found in U.S.S.G. § 5C1.2. Doc. 120.

Defendant objected to the PSR because it did not include a mitigating role adjustment pursuant to USSG § 3B1.2. In his objection and subsequent sentencing memorandum, defendant argues that he was a minor participant in the cocaine smuggling offense because he was "not the captain or a mechanic" and as a mariner, "is clearly less culpable" than the captain and mechanic. Finally, he argues that he did not participate in the activities attributable to the larger trafficking conspiracy, e.g. purchasing of cocaine, distributing cocaine, negotiating the sale of cocaine.

For the reasons articulated below, the defendant has not and likely cannot meet his burden of proof to demonstrate that he was substantially less culpable than the average participant in the offense conduct and thus is not entitled to a mitigating role adjustment.

## APPLICABLE LAW

Under the U.S. Sentencing Guidelines, a defendant may receive a two-level reduction if he was a minor participant in the offense of conviction. U.S.S.G. § 3B1.2. The "minor role" adjustment, as it is often called, applies to defendants that are "*substantially* less culpable than the *average* participant in the criminal activity." *Id.* § 3B1.2 cmt. n.3(A) (emphasis added). In particular, the two-level "minor role" reduction applies to a defendant "who is less culpable than <u>most</u> other participants in the criminal activity." *Id.* § 3B1.2 cmt.

n.5. As the proponent of a downward adjustment, the defendant "bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." *United States v. Rodriguez De Varon*, 175 F.3d 930, 939 (11th Cir. 1999).

In determining whether he has met his burden to demonstrate his entitlement to a "minor role" adjustment, the Court must first measure the defendant's role against the relevant conduct for which he is being held accountable at sentencing. Id. at 940. "In other words, the district court must assess whether the defendant is a minor…participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." Id. at 941. "[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable. *Id*. Consequently, the Court should grant a downward adjustment for "minor role" in the offense "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable-not a minor role in any larger criminal conspiracy." *Id*. at 944.

After conducting the above analysis, the Court may (but is not required to) also measure the defendant's culpability in comparison to that of other

participants in the relevant conduct. *Id. See also, United States v. Nunez-Gonzales*, 223 F. App'x 924, 926 (11th Cir. 2007) ("Under the *De Varon* analysis, measuring [the defendant's] role against the conduct charged [is] the crucial step, the one that the court "must" take, not, as in the second prong, one that it "may" take). However, the Court should look to other participants "only to the extent that they are identifiable or discernable from the evidence." Id. Moreover, the Court may consider "only those participants who were involved in the relevant conduct attributed to the defendant." Id. "The conduct of participants in any larger criminal conspiracy is irrelevant." Id. Finally, a defendant is not entitled to a "minor role" adjustment unless and until the Court determines, based on the evidence presented, that "the defendant was less culpable than most other participants in [his] relevant conduct." *Id*. This means that a defendant is not entitled to a "minor role" adjustment merely because he is "somewhat less culpable than the other discernable participants." *Id*. Moreover, just because another identifiable participant may be subject to an aggravating role, that does not in itself entitle the defendant to a mitigating role adjustment. *Id*. at 944. ("The fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants."). Ultimately, the

defendant bears the burden of demonstrating that he is substantially less culpable than the average participant (not the most or least culpable participant). U.S.S.G. § 3B1.2. cmt. n.3(A).

The commentary to USSG § 3B1.2 explains that determining whether a defendant merits a mitigating role reduction is a heavily fact-dependent, totality-of-the-circumstances analysis. Id. at n.3(C). The commentary provides the following non-exhaustive list of factors for consideration:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

Id. "In the drug courier context, the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct." *De Varon*, 175 F. 3d at 945. Other relevant factors in the "drug courier context" include: the fair market value of drugs, the amount of money to be paid to the

courier, and role in the distribution. *Id*. "[W]hen a drug courier's relevant conduct is limited to her own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." *Id*. at 942–43.

## ANALYSIS

As a starting point, the amount of drugs involved (well over 450 kilograms of cocaine), which remains a material and perhaps the most important factor, strongly weighs against a minor role adjustment. *United States v. Palma-Meza*, 685 F. App'x 806, 809 (11th Cir. 2017) ("drug quantity remains a valid consideration when conducting the 'fact-intensive' inquiry into a defendant's role in the offense"). Furthermore, the fair market value of the cocaine heavily weighs against a minor role adjustment. Conservatively, the wholesale value of that amount of cocaine would be over $19.5 million.[2] Were that amount of cocaine to be distributed at the street level, it would be diluted three to four times (at least) and thus be worth in excess of $58.6 million. Moreover, while the defendant did not a have an equity interest in the cocaine, he certainly had an enormous financial stake in the success of the

---

[2] This figure is based on $25,000 per kilogram, which is the low end of the approximate wholesale value of 1 kilogram of cocaine in Tampa, Florida.

smuggling operation. After all, he was motivated to undertake the trip in order to build a house for his family. Doc. 120, at ¶ 16.

Additionally, it is undisputed that defendant, Castillo Rodriguez was one of three people hired to transport approximately three quarters of a ton of undiluted cocaine from South America (where cocaine is produced) to Mexico (where it is purchased in bulk for eventual importation and distribution in the United States). This operation used a small go-fast vessel to transport this enormous amount of cocaine through international waters, hundreds of miles out at sea, in an attempt to avoid law enforcement assets and border checkpoints. Were this operation successful, the defendants would have transported this cocaine several hundred, if not thousands of miles, through the ocean over the course of several days to over a week. Simply put, in a high-level smuggling operation such as this, there are zero non-essential personnel. Everyone has a job to do, and his or her participation is central to the success of the smuggling operation. Without their participation, there is no way for that amount of undiluted cocaine to get from South America to Mexico where it will undoubtedly be smuggled into the United States via the land border, diluted several times, and sold by drug dealers in the United States.

Nevertheless, the defendant maintains that he is not only eligible for consideration for a minor role adjustment but that he is entitled to such an adjustment. While the United States agrees that the defendant is not *per se* excluded from consideration for a minor role adjustment, the United States submits that the defendant still bears the burden to demonstrate that he is substantially less culpable than the average participants who are identifiable and discernable based on the evidence. USSG § 3B1.2; *Rodriguez De Varon*, 175 F.3d at 944.

Turning then to the *De Varon* framework, the defendant has not and cannot demonstrate that he was "a minor…participant in relation to the relevant conduct attributed to [him] in calculating [his] base offense level." *Id*. at 941. His actual conduct is identical to his relevant conduct (*i.e.* transporting over 450 kilograms of cocaine onboard a go-fast vessel). Because "the relevant conduct attributed to [the] defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable. *Id*. "The transportation of the cocaine was an integral part of the conspiracy[,]" and the defendant is being held accountable "only for the amount of cocaine he conspired to transport." *United States v. Chavous*, 545 F. App'x 813, 816 (11th

9

Cir. 2013) (upholding denial of minor role to defendant who conspired to transport 5 kilograms of cocaine from Florida to Georgia via automobile). In the MDLEA context, the Eleventh Circuit has repeatedly and consistently held, under virtually identical facts, that where a go-fast vessel crewmember is sentenced using only the amount of drugs found on the vessel, he does not have a minor role compared to his relevant conduct because his actual conduct is identical to his relevant conduct. *See United States v. Herrera-Villarreal*, 665 F. App'x 762, 764 (11th Cir. 2016); *United States v. Palma-Meza*, 685 F. App'x 806, 811 (11th Cir. 2017); *United States v. Pico-Mocera*, 740 F. App'x 969, 972 (11th Cir. 2018). Accordingly, the defendant has not and cannot demonstrate his entitled to a minor role adjustment under the first prong of the *De Varon* framework.

Nevertheless, the defendant invites the Court to exercise its discretion to also measure the defendant's relative culpability to other persons involved in the relevant conduct for which defendant is being held accountable.

The defendant's arguments are virtually indistinguishable from those considered and rejected by the Eleventh Circuit in recent MDLEA cases. In *Herrera-Villarreal*, 665 F. App'x at 764–65, the Eleventh Circuit upheld denial of a minor role adjustment where the defendant (who was a mechanic onboard a go-fast smuggling vessel) "presented no evidence to demonstrate

that he was less culpable than the other crewmembers, who were the only other identifiable participants in his relevant conduct." More recently, the Eleventh Circuit upheld denial of a minor role adjustment where the defendant "failed to prove that he had a lesser role than either of the two other occupants of the go-fast vessel." *United States v. Pico-Mocera*, 740 F. App'x 969, 972–73 (11th Cir. 2018). Even if the defendant was a "mere mariner" onboard this smuggling vessel, that in itself is insufficient to establish entitlement to a minor role adjustment since "his role in the criminal activity was largely similar" to the other crewmember and he was "in a position to do most of the duties on board the vessel[,]" including "[taking] turns driving the vessel and changing the fuel lines." *United States v. Palma-Meza*, 685 F. App'x 806, 811 (11th Cir. 2017) (upholding denial of minor role despite the fact that appellant was a mariner and had less responsibility than the captain and load guard).

Finally, the defendant implicitly argues that he is substantially less culpable than unidentified and unnamed higher-level drug-trafficking conspirators such as those who purchased the cocaine, acquired the cocaine, negotiated the purchase of the cocaine, and distributed the cocaine. Again, this argument is without merit and foreclosed in the holding of *De Varon*. After all, the Court has no duty to "investigate and make detailed findings concerning the relative roles of all who may participate in a far-flung narcotics

enterprise-that may stretch from the grower, to the manufacturer in a foreign land, through the distribution mechanism, to the final street-level distributor in the United States." *Rodriguez De Varon*, 175 F.3d at 947. The defendant's contention to the contrary is "without merit," "misapprehends the defendant's burden of proof," and "violates the essential principle that the district court must measure the defendant's role against [his] relevant conduct" for which he is being held accountable. *Id. See also, Pico-Mocera*, 740 F. App'x at 973 (claim to minor role in "some larger criminal conspiracy" was "unavailing" and Court "not required to consider the culpability of any unknown or unidentified co-conspirators not involved in the relevant conduct"). Put another way, the defendant "was not charged with having an ownership interest in the drugs, with organizing the smuggling, or involvement in a larger conspiracy." *United States v. Carvajal*, 371 F. App'x 42, 44 (11th Cir. 2010) (upheld denial of minor role adjustment where defendant was crewmember aboard go-fast cocaine smuggling vessel). Rather, he "was charged, convicted, and sentenced for importing [over 450] kilograms of cocaine." *Id*. Accordingly, comparison to unidentified and unnamed higher-level drug-trafficking conspirators cannot serve as the basis of a minor role adjustment.

## CONCLUSION

WHEREFORE, for the reasons articulated above, the United States respectfully requests that this Honorable Court deny the defendant's request for a minor role adjustment. The United States will make a sentencing recommendation to the Court based on the evidence presented at the sentencing hearing and the relevant factors detailed in 18 U.S.C. § 3553(a).

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: */s/ Daniel M. Baeza*
DANIEL M. BAEZA
Assistant United States Attorney
USAO No. 164
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Daniel.Baeza@usdoj.gov

U.S. v. Castillo Rodriguez    Case No. 8:20-cr-39-T-35CPT

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Counsel of Record

        */s/ Daniel M. Baeza*
        DANIEL M. BAEZA
        Assistant United States Attorney
        USAO No. 164
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602-4798
        Telephone: (813) 274-6000
        Facsimile: (813) 274-6358
        E-mail: Daniel.Baeza@usdoj.gov